IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERNA L. JOHNSON, Administrator of the Estate of Rex Johnson, | ) ) ) ) | |
| *Plaintiff,* | ) | |
| -*vs*- | ) ) | No. 15 CV _____ |
| Sheriff of Cook County, Cook County, Illinois, and Quintoria Dunmars, | ) ) ) ) | *(jury demand)* |
| *Defendants.* | ) ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Verna L. Johnson is the Administrator of the Estate of Rex Johnson.

3. Defendant Sheriff of Cook County is sued in his official capacity only.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003).

5. Defendant Quintoria Dunmars was at all times relevant employed as a nurse at Cermak Health Services. Plaintiff sues Dunmars in her individual capacity.

6. Plaintiff's decedent was detained at the Cook County Jail from October 18, 2009 to November 6, 2009.

7. On or about October 21, 2009, medical personnel at the Jail memorialized in medical records maintained at the Jail their decision that plaintiff's decedent should continue to receive a variety of prescription medications for serious medical needs, including hypertension and seizure disorder.

8. Plaintiff's decedent was again detained at the Cook County Jail from August 2, 2013 to August 22, 2013.

9. On or about August 3, 2013, medical personnel at the Jail again memorialized in medical records maintained at the Jail their decision that plaintiff's decedent should continue to receive prescription medication for his serious medical needs, including hypertension and seizure disorder.

10. Plaintiff's decedent was again detained at the Cook County Jail on November 14, 2013.

11. Plaintiff's decedent died at the Jail on November 18, 2013.

12. At all times from November 14, 2013 until the death of plaintiff's decedent on November 18, 2013, medical personnel at the Jail ignored the serious medical needs of plaintiff's decedent, refused to consult the medical records referred to in paragraphs 7 and 9 above, and failed to

provide plaintiff's decedent with any of the prescription medication he required to avoid death.

13. The failure of medical personnel to provide plaintiff's decedent with the prescription medication he required to avoid death was a result of the widespread practice at issue in *Parish v. Sheriff*, 07-cv-4369.

14. In the evening of November 17, 2013, plaintiff's decedent complained to a correctional officer that he had vomited ten times following his lunch time meal.

15. In response to this complaint, the officer escorted plaintiff's decedent to defendant Dunmars.

16. Defendant Dunmars examined the electronic medical records maintained by defendant Cook County for plaintiff's decedent.

17. The medical records examined by defendant Dunmars on November 17, 2013 showed that plaintiff's decedent was not receiving any medication for seizure disorder, as had previously been prescribed for him in October of 2009 and August of 2013.

18. Defendant Dunmars acted in deliberate indifference to the fact that plaintiff's decedent was not receiving any medication for seizure disorder, as had previously been prescribed for him in October of 2009 and

August of 2013, and turned a blind eye to the serious medical needs of plaintiff's decedent.

19. Rather than take any action to provide plaintiff's decedent with the medication he required to avoid death, defendant Dunmars provided plaintiff's decedent with over-the-counter medication for an upset stomach.

20. Shortly thereafter, plaintiff's decedent returned to his cell, where he suffered a seizure, fell to the floor, and died.

21. As a result of the foregoing, plaintiff's decedent experienced great pain and suffering and was deprived of his life.

22. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered against defendants for appropriate compensatory damages and that the costs of this action, including reasonable attorneys' fees, be taxed against defendants.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
JOEL A. FLAXMAN
200 S Michigan Ave Ste 1240
Chicago, IL 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*