IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Verna L. Johnson, Administrator of the Estate of Rex Johnson, | ) ) | |
| Plaintiff, | ) ) | Case No: 15 C 741 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| Sheriff of Cook County, Cook County, and Quintoria Dunmars, Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Dart's motion to dismiss [12] is granted. Plaintiff has 21 days from the date of entry of this order to file an amended complaint as to Dart.

## STATEMENT

Verna Johnson ("Plaintiff"), as administrator of the estate of Rex Johnson ("Rex"), sues Thomas Dart, Sheriff of Cook County in his official capacity, Cook County, and Quintoria Dumars, a nurse employed by Cermak Health Services ("Cermak"), for alleged constitutional violations related to Rex's death while he was detained at Cook County Jail ("Jail"). Plaintiff alleges that Rex was detained at the Jail on two separate occasions in October and November 2009 and in August 2013, and that during both of those detentions, "medical personnel at the Jail memorialized in medical records maintained at the Jail their decision that plaintiff's decedent should continue to receive a variety of prescription medications for serious medical needs, including hypertension and seizure disorder." (Compl., Dkt. # 1, ¶¶ 7-10.) When Rex was again detained at the Jail on November 13, 2013, he was not timely provided the medications he needed and therefore died. (*Id*. ¶¶ 11-12.) According to Plaintiff, "[t]he failure of medical personnel to provide plaintiff's decedent with the prescription medication he required to avoid death was the result of the widespread practice at issue in *Parish v. Sheriff*, 07-cv-4369." (*Id*. ¶ 13.)

Dart moves to dismiss the claim against him. As to Dart's argument that his office cannot as a matter of law be liable for any problems associated with the provision of medical care at the Jail, the Court rejects the argument at this point in time. While the parties agree that Cermak provides medical care to Jail inmates and is managed by Cook County, which is separate from the Sheriff's Office, see *Talley v. Dart*, No. 08 C 5485, 2012 WL 1899393, at *1 (N.D. Ill. May 24, 2012), the Court cannot conclude on this record that policies and practices of the Sheriff's Office have no role in the alleged constitutional violations at issue in this case. *See Hampton v. Hart*, No. 09 C 6269, 2011 WL 2837407, at *7 (N.D. Ill. July 18, 2011) (division of labor between Sheriff's Office and Cook County "must ensure that [jail] officials fulfill their responsibility to provide constitutionally adequate care to each individual inmate with reference to his particularized medical

need" and "[w]ith respect to an individual case, . . . [jail] officials still must make a determination that application of the protocols result in adequate medical care") (quoting *Roe v. Elyea*, 631 F.3d 843, 860 (7th Cir. 2011) (internal quotation marks omitted)).

Dart also moves to dismiss the deliberate indifference claim against him for failure to state a claim. An official capacity claim against Dart is considered to be one against the Sheriff's Office. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 974, 976, n.1, 2 (7th Cir. 2000). A governmental body may be liable for a Section 1983 violation: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)).

Plaintiff's complaint contains *no* specific factual allegations against the Sheriff's Office. As noted above, Plaintiff merely states that the "failure of medical personnel to provide plaintiff's decedent with the prescription medication he required to avoid death was a result of the widespread practice at issue in *Parish v. Sheriff*, 07-cv-4369." (Compl., Dkt. # 1, ¶ 13.) The complaint provides no explanation of the "widespread practice" at issue in *Parish*. Another court in this district stated that:

> *Parish* is a lawsuit filed in 2007 by a former prisoner at Cook County Jail against Cook County and Sheriff Dart, alleging a systemic failure to provide persons entering the jail with previously prescribed prescription medication. The district judge assigned to the *Parish* matter found those allegations to be plausible and, on October 28, 2008, ordered that *Parish* would proceed as a class action for "all persons confined at the Cook County Jail on and after August 3, 2005 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with appropriate medication within 24 hours thereafter."

*Rodgers v. Dart*, No. 07 C 4369, 2014 WL 1227254, at *5 (Mar. 25, 2014).[1] But a complaint must allege facts, and Plaintiff's cursory reference to a "widespread practice" as alleged in another case does not raise the plausibility of a *Monell* claim against the Sheriff's Office above a speculative level in this case. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (a complaint withstands Rule 12(b)(6) scrutiny when it "include[s] sufficient facts to state a claim for relief that is plausible on its face ") (citation and internal quotation marks omitted).

---

[1] It would appear that the decedent in this case would be part of the defined class in *Parish*, but the parties do not raise the issue so the Court does not address it.

For this reason, Dart's motion to dismiss is granted. Plaintiff has 21 days to file an amended complaint that properly alleges a claim against Dart.

**Date**: April 24, 2015

_____
**Ronald A. Guzmán
United States District Judge**