IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Verna L. Johnson, administrator of the estate of Rex Johnson, | ) ) ) | Case No: 15 C 741 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| Cook County, Illinois, et al., Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Cook County's objections to the magistrate judge's August 31, 2015 order [53] are overruled.

## STATEMENT

Verna Johnson brought suit under § 1983 as administrator of the estate of her son, Rex Johnson, who died while in custody at Cook County Jail ("Jail"). Johnson alleges systemic failures in intake medical screening at the Jail and deliberate indifference to her son's medical needs.

After Rex Johnson's death and pursuant to Jail policy, Cermak Health Services, which provides medical services to the inmates at Cook County Jail, performed a morbidity and mortality review of his death. Plaintiff sought production of the report "(Report)" that was issued as a result of that review. Cook County objected to its production, asserting that it is privileged as a matter of state law under the Illinois Medical Studies Act ("IMSA"), 735 Ill. Comp. Stat. 5/8-201, *et seq.* and federal law under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA"), 52 U.S.C. §§ 299b-21, *et seq.* Plaintiff asked the magistrate judge to compel Cook County to produce the Report. The magistrate judge granted the motion to compel in a fifteen-page order issued on August 31, 2015. Cook County has filed objections to the magistrate judge's order pursuant to Federal Rule of Civil Procedure 72.

Where, as here, a district court considers timely objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's rulings will be modified or set aside only if they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). The magistrate judge's well-considered and thorough order does not leave this Court with such an impression.

As noted by Plaintiff, Cook County objects only to the magistrate judge's ruling as it relates to the IMSA claim of privilege. The Court has reviewed the magistrate judge's order and, in particular, his discussion of the privilege under the IMSA. The magistrate judge discussed

*Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir. 1981), which both sides agree provides the parameters for evaluating a claim of privilege under the IMSA. He acknowledged the two principles identified by the *Shadur* court that a district court should "keep in mind when determining whether a state law privilege should apply in federal proceedings based on a federal cause of action." *Id*. at 1061-62. These factors include first, an acknowledgment that because "evidentiary privileges operate to exclude the relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed," and second, a balancing of the "need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship." *Id*.

The magistrate judge evaluated the factors and concluded that "the risk of a chilling effect" on discussion of the Jail's policies and procedures does not "outweigh the constitutional concerns at issue here." (8/31/15 Order, Dkt. # 49, at 9.) As noted by the magistrate judge, "Plaintiff is alleging that various constitutional violations led to the death of an inmate, whose safety and well-being were the responsibility of the state" and "Congress enacted Section 1983 to provide a vehicle for plaintiffs to address precisely this type of concern." *Id.* The Court does not find this conclusion to be clearly erroneous based on the relevant considerations set forth by the Seventh Circuit. *See McLaughlin v. Tilden*, No. 13-CV-1600, 2015 WL 888921, at *2 (C.D. Ill. Feb. 27, 2015) (rejecting claim of IMSA privilege as to mortality review and morbidity report regarding death of an inmate and concluding that "[i]n this case, the interest of seeking truth outweighs concerns about the flow of information among medical professionals").

Cook County also contends that three matters noted in the order were clearly erroneous and contrary to the law, arguing that the magistrate judge was mistaken in stating that: (1) the privilege in the IMSA is not limited to protecting information relating a "particular practitioner's error" and does not cover systems and procedures used by the healthcare providers; (2) the IMSA privilege only applied to "frank evaluations of . . . colleagues" and thus did not cover the recommendations on improving the delivery of healthcare; and (3) the IMSA privilege applied only to medical malpractice claims. The Court has reviewed the magistrate judge's order with respect to these issues and disagrees that the magistrate judge's observations, which were supported by citations to relevant authority, were contrary to law. Moreover, the magistrate judge used these propositions generally as guiding principles in performing the balancing of the interests involved and did not apply them as hard-and-fast rules that required a specific result in this case.

Cook County merely asks this Court to come to a different conclusion than the magistrate judge. Because this Court does not find the magistrate judge's order to be clearly erroneous or

contrary to law, Cook County's objections are overruled.

Date: October 29, 2015

_____
Ronald A. Guzmán
United States District Judge